In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Jack E. KEYES, Attorney at Law.

Supreme Court

*No. 82–1856–D. Filed April 26, 1983.*
(Also reported in 332 N.W.2d 813.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On October 6, 1982, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging that Jack E. Keyes, an attorney admitted to practice in 1956 and who practices in Milwaukee, violated SCR 20.-22(1) in his representation of the former wife of a former client. It was alleged that the respondent represented the former client in a divorce action between the client and his wife, as well as in other matters, and that after the divorce became final in June of 1978, he represented the former wife of that former client in several matters, including a divorce against her new spouse. In July of 1980 the respondent represented the former wife of his former client in commencing suit against the former client for nonsupport and to increase support. The respondent subsequently dissociated himself from the matter, after being notified by the former client's

attorney that a conflict of interest was present. The Board alleged that such conduct constitutes a conflict of interest, in violation of SCR 20.22(1). The complaint also alleged that the respondent failed to answer two letters from the Board concerning the conflict of interest matter, as well as two letters from the Board concerning other unrelated matters, in violation of SCR 22.07(2).

We referred the matter to the Honorable Franklin W. Clarke as referee, pursuant to SCR 21.09(4). The respondent filed an answer to the complaint in which he admitted the material allegations of the complaint concerning the conflict of interest matter but denied that any of his conduct constituted a conflict of interest. He alleged that the matter in which he represented the former client was completed by July 10, 1979 and that he had no further contact with that client. On the question of his failure to cooperate with the Board's investigation, the respondent alleged that once he was informed that the Board was going to file a complaint against him with the court, he did cooperate with the Board, made complete disclosure and furnished all information voluntarily.

The respondent and counsel for the Board entered into a stipulation, filed on December 6, 1982, in which the allegations of the complaint were admitted, including the fact that the respondent's conduct in representing the former client's former spouse in post-divorce proceedings, when he had represented the husband in the divorce proceeding itself, constituted a conflict of interest, in violation of SCR 20.28. It was also stipulated that the respondent failed to respond to Board inquiries concerning this matter and to other unrelated matters, although he subsequently furnished the Board with all information requested. In addition, the stipulation addressed a new issue, namely, that the Board's review of the respondent's trust account records disclosed that they were not kept

up-to-date, nor were they kept accurately. The Board noted in the stipulation that there was no evidence of trust conversion and that it was unable to conclude that the respondent was in compliance with trust account requirements set forth in SCR 11.05. The Board therefore requested that accounting requirements be imposed on the respondent concerning his trust account.

The referee permitted the parties to file briefs in the disciplinary proceeding. In its brief, the Board, noting that a public reprimand may be appropriate when it appears unlikely that charges brought against an attorney will be repeated, requested that the respondent be publicly reprimanded for his unprofessional conduct, that accounting requirements be imposed upon him with regard to his trust account and that he be assessed the costs of this proceeding. The respondent did not file a brief in the matter.

The report of the referee was filed with the court on February 15, 1983, in which he made findings of fact consistent with the stipulation entered into by the parties and concluded that the respondent violated SCR 20.-28 (1) by representing the divorced wife in an action for non-support and increased support against her former husband, whom the respondent had represented in the original divorce action. The referee also concluded that the respondent's failure to answer Board inquiries in its investigation of several grievances, including the conflict of interest matter, violated SCR 22.07 (2). The referee recommends that the respondent be publicly reprimanded for his unprofessional conduct, that he be required to pay the costs of the disciplinary proceeding and that he be required to have his trust account audited quarterly by a certified public accountant and that each quarterly audit be submitted to the Board, until such time as the Board is satisfied that his trust account is in strict compliance with SCR 11.05 (2). The referee notes

that, with respect to the conflict of interest, the respondent withdrew from his representation of the former wife of his former client when opposing counsel called a conflict of interest to his attention, stating that the withdrawal mitigates the respondent's violation of the disciplinary rule.

We hereby adopt the findings, conclusions and recommendation of the referee.

IT IS ORDERED that Attorney Jack E. Keyes is publicly reprimanded for his unprofessional conduct.

IT IS FURTHER ORDERED that Jack E. Keyes pay to the Board of Attorneys Professional Responsibility within 60 days of the date hereof the costs of this disciplinary proceeding in the amount of $1,489.38, provided that if the costs are not paid within the time specified, the license of Jack E. Keyes to practice law in Wisconsin shall be revoked forthwith.

IT IS FURTHER ORDERED that Jack E. Keyes have his client trust accounts audited quarterly by a certified public accountant and that he submit such audits to the Board of Attorneys Professional Responsibility, commencing the date of this order and until notified in writing by the Board that such audits are no longer required.